PER CURIAM.
Davis Gordon appeals several sentences which were entered on March 21, 1988. We reverse due to a combination of errors and remand for resentencing.
Mr. Gordon was charged with burglary of a dwelling, grand theft, and dealing in stolen property.[1] Following a plea of nolo contendere to the first two charges, he was sentenced on September 2, 1986, to concurrent split sentences of two years’ imprisonment, followed by five years’ probation for burglary of a dwelling and grand theft. The charge of dealing in stolen property was dismissed.[2]
While on probation, Mr. Gordon was charged with and found guilty of resisting arrest with violence and battery on a law enforcement officer.[3] As a result, the trial court revoked Mr. Gordon's probation.
On March 21, 1988, the trial court sentenced Mr. Gordon for resisting arrest with violence and battery on a law enforcement officer as well as for the violation of probation.[4] Mr. Gordon received two con *1389 current sentences of nine years’ imprisonment for resisting arrest with violence and battery on a law enforcement officer. These sentences are unlawful because both of these offenses are third-degree felonies[5] with a statutory maximum sentence of five years’ imprisonment.[6]
Concerning the violation of probation, the trial court sentenced Mr. Gordon to nine years’ imprisonment on the charge of burglary of a dwelling and five years’ imprisonment on the charge of grand theft. These sentences were concurrent with the sentences rendered for resisting arrest with violence and battery on a law enforcement officer. The trial court erroneously sentenced Mr. Gordon for a violation of probation on the charge of dealing in stolen property — the charge which had been dismissed at his sentencing on September 2, 1986.
It appears that the trial court scored the dismissed charge of dealing in stolen property as a prior conviction on the scoresheet it used for the sentencing on March 21, 1988. When these points are deducted from the scoresheet, Mr. Gordon’s recommended guidelines range drops from nine-to-twelve years’ to seven-to-nine years’ imprisonment. As a result, the imposed sentence of nine years for the burglary is at the higher end of the recommended range, rather than at the lower end of the recommended range. Since it is not clear that the trial court would have entered the same sentence if it had understood the correct recommended range, this sentence must also be reversed. Fennell v. State, 496 So.2d 897 (Fla. 2d DCA 1986). Finally, the five-year sentence for grand theft is the statutory maximum and falls below either guideline range. Accordingly, that sentence is affirmed.
We reverse and remand for resentencing consistent with this opinion.
SCHOONOVER, C.J., and LEHAN and ALTENBERND, JJ., concur.

. State v. Gordon, No. 86-439-CF-A-HDH, Circuit Court of the 20th Judicial Circuit, Collier County, Florida.

. The scoresheet for the sentencing on September 2, 1986, reflects that Mr. Gordon was also sentenced on that date to concurrent sentences in State v. Gordon, Nos. 86-440-CF-A-HDH and 86-441-CF-A-HDH, Circuit Court of the 20th Judicial Circuit, Collier County, Florida. The nature of those offenses is not disclosed by the record.

. The scoresheet reflects that it was prepared in State v. Gordon, No. 87-1403-CF-A-HDH, Circuit Court of the 20th Judicial Circuit, Collier County, Florida, which apparently involved a conviction for perjury. It also indicates that it was prepared for sentencing on violations of probation in State v. Gordon, Nos. 86-440-CF-A-HDH and 86-441-CF-A-HDH, Circuit Court of the 20th Judicial Circuit, Collier County, Florida. Any sentences entered in these three additional cases are not involved in this appeal.

.State v. Gordon, No. 87-937-CF-A-HDH, Circuit Court of the 20th Judicial Circuit, Collier County, Florida.

. §§ 843.01, 784.07(2)(b), Fla.Stat. (1987).

. § 775.082(3)(d), Fla.Stat. (1987).